**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DAVID CURRY, | : | Case No. 3:12-cv-135 |
| Plaintiff, | | Magistrate Judge Michael J. Newman (Consent Case) |
| vs. | : | |
| CITY OF DAYTON, *et al.*, | | |
| Defendants. | : | |

---

**ORDER GRANTING DEFENDANT JUDGE CARL HENDERSON'S MOTION TO DISMISS (DOC. 15); AND DENYING PLAINTIFF'S *PRO SE* MOTION (DOC. 5)**

---

This consent case (*see* doc. 19) is a *pro se* 42 U.S.C. § 1983 action against seventeen entities and officials based on an alleged unlawful entry into Plaintiff's home and resulting arrest/detention. *See* doc. 3. The matter is now before the Court upon Defendant Judge Carl Henderson's motion to dismiss (doc. 15), *pro se* Plaintiff's memorandum in opposition thereto (doc. 16), and Judge Henderson's reply (doc. 17).[1] Plaintiff's complaint (doc. 3) and opposition memoranda have both been liberally construed in his favor. *See infra*.

### I. Background

In Plaintiff's complaint, he alleges that, on December 7, 2011, several Dayton police officers "broke down" his door, handcuffed him, made inappropriate comments, and damaged his personal property. *See* doc. 3 at PageID 37. He further claims an officer offered him drugs and money in exchange for information, and when he refused to cooperate, he was arrested and strip-searched. *See id.* Plaintiff states that he was released from custody the following day. *See id.*

---

[1] Plaintiff improperly filed a sur-reply without leave of Court. *See* doc. 18. In light of Plaintiff's *pro se* status, the Court considered this filing in ruling on the motion to dismiss.

Plaintiff names Dayton, Ohio Municipal Court Judge Carl Henderson ("Judge Henderson") as a defendant in this action.   However, in his complaint, Plaintiff fails to identify Judge Henderson's role in the alleged unlawful events.   *See* doc. 3.   The only allegation that could possibly relate to Judge Henderson is:   "[T]he Court by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments."   *Id.* at PageID 38. In his opposition memorandum, however, Plaintiff explains that Judge Henderson issued the warrant to search his home.   *See* doc. 16 at PageID 115.

Plaintiff's claim is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because he has failed to allege sufficient facts to overcome Judge Henderson's absolute judicial immunity.   To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).   Further, while *pro se* pleadings should be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* plaintiffs must still satisfy basic pleading requirements, and courts are not compelled to conjure up facts to support conclusory allegations.   *See Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Judges are entitled to absolute immunity from suit based on their judicial acts even if they acted erroneously or in bad faith.   *Mireles v. Waco*, 502 U.S. 9, 11 (1991).   Judicial immunity

can only be overcome by a showing that the judge's act was "non-judicial," or that the judge acted without jurisdiction.  *Id.* at 11-12.  Even construing Plaintiff's complaint liberally and in his favor, neither of these circumstances is present here.  First, "the issuance of a search warrant is unquestionably a judicial act."  *Burns v. Reed*, 500 U.S. 478, 492 (1991).  Second, Judge Henderson acted within his jurisdiction in issuing a warrant to search property located in the City of Dayton.  *See* Ohio Revised Code § 2933.21; Ohio R. Crim. P. 41(A) (authorizing a judge to issue a warrant to search property located within his or her court's territorial jurisdiction).[2] *Accord Lundeen v. Ridge*, No. 2:11-cv-430, 2011 U.S. Dist. LEXIS 136158, at *5-6 (S.D. Ohio Oct. 18, 2011).[3]  Therefore, Judge Henderson is immune from Plaintiff's § 1983 suit.

Accordingly, Judge Henderson's motion to dismiss (doc. 15) is **GRANTED**; Plaintiff's claim against Defendant Judge Carl Henderson is **DISMISSED**; and the Clerk is **ORDERED** to terminate Carl Henderson as a party on the docket of this matter.

Further, Plaintiff's *pro se* motion for preliminary hearing and discovery (doc. 5) is **DENIED**.  The Court will schedule the preliminary pre-trial conference in a separate Order and address those concerns during the conference.

September 18, 2012                                    s/ **Michael J. Newman**
                                                     United States Magistrate Judge

---

[2] A municipal court has territorial jurisdiction within its corporate limits.  *See* Ohio Rev. Code § 1901.02.
[3] The alleged unlawful search took place on Lexington Avenue in Dayton, Ohio 45407.  *See* doc. 3 at PageID 37, ¶ 1.