IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID CURRY, | : | Case No. 3:12-cv-135 |
| Plaintiff, | | Magistrate Judge Michael J. Newman (Consent Case) |
| -vs- | : | |
| CITY OF DAYTON, *et.al.*, | | |
| Defendants. | : | |

**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT (DOC. 24) AND LEAVE TO PLEAD A JURY DEMAND; AND (2) DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND (DOC. 25)**

This consent case is now before the Court upon a motion by *pro se* Plaintiff for leave to amend his complaint. Doc. 24. (Plaintiff's motion is in compliance with the Scheduling Order's deadline for the amendment of pleadings. *See* doc. 23.) In response to Plaintiff's motion, Defendants do not object to the amendment of Plaintiff's complaint, but move to strike Plaintiff's jury demand. *See* doc. 25. Plaintiff did not make a jury demand in his initial complaint, but has made such a request in his amended pleading.

For good cause shown, and because justice so requires, the Court **GRANTS** Plaintiff's motion to amend his complaint (doc. 24). *See* Fed. R. Civ. P. 15(a)(2). Accordingly, the Clerk is **ORDRED** to docket Document 24-1 as "Plaintiff's First Amended Complaint."

With regard to Defendants' motion to strike Plaintiff's jury demand (doc. 25), the Court notes, that when filing his initial complaint, Plaintiff checked the box on his Civil Cover Sheet indicating that a jury had been demanded (even though he did not include a jury demand in the body of that initial pleading). Doc. 1-1. The Court recognizes, however, that the "notation on the Civil Cover Sheet alone is an insufficient manner in which to demand a jury." *Cochran v.*

*Birkel*, 651 F.2d 1219, 1221 n.4 (6th Cir. 1981).   A written jury demand must be made on the face of the initial pleading or within fourteen days after service of that pleading, assuming the initial complaint raises issues triable by a jury.   Fed. R. Civ. P. 38(b).   The filing of an amended pleading does not restart that fourteen-day period "[w]hen no new issues or facts are introduced" in the amended pleading.   *Irvin v. Airco Carbide*, 837 F.2d 724, 727 (6th Cir. 1987).   *See also Emery v. Brown-Forman Corp.*, No. 93-5328, 1994 U.S. App. LEXIS 23108, at *16-17 (6th Cir. Aug. 23, 1994).   Here, as Defendants correctly argue, Plaintiff does not raise any new claims in his amended complaint.   *See* doc. 24-1.   Accordingly, Plaintiff's jury demand -- raised for the first time in his amended pleading (more than seven months after his initial complaint was filed) -- is untimely.   *Accord Irvin*, 837 F.2d at 727; *Rupe v. Fourman*, 532 F. Supp. 344, 351 (S.D. Ohio 1981).

Nevertheless, upon motion, the Court has broad discretion in permitting an untimely jury demand, and a party's *pro se* status is a relevant factor in exercising such discretion.[1]   *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 & n.8 (6th Cir. 1986); *see also* Fed. R. Civ. P. 39(b).   The Court should grant an untimely jury trial demand "in the absence of strong and compelling reasons to the contrary."   *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004, 1013 (6th Cir. 1987).   Given Plaintiff's *pro se* status and the early juncture of this litigation, the Court declines to strike Plaintiff's jury demand.   Defendant's motion to strike (doc. 25), therefore, is **DENIED**.

   **IT IS SO ORDERED.**

January 8, 2013                                              s/ **Michael J. Newman**
                                                            United States Magistrate Judge

---

[1] The Court liberally construes Plaintiff's jury demand on the face of his *pro se* amended complaint as a motion for leave to include a jury demand.   *See* Fed. R. Civ. P. 39(b); *accord DeWitt v. Hutchins*, 309 F. Supp. 2d 743, 754 (M.D.N.C. 2004).   For good cause shown, the motion is **GRANTED**.